In the Matter of the Application of PATRICK COSGROVE, Petitioner, Appellant, for a Peremptory Mandamus Order against WILLIAM F. CAREY, Commissioner of Sanitation of the City of New York, Respondent.

First Department, April 8, 1938.

*Martin N. Whyman*, for the petitioner, appellant.

*Henry J. Shields* of counsel [*Charles E. Hirsimaki* with him on the brief; *William C. Chanler, Corporation Counsel*, attorney], for the respondent.

MARTIN, P. J.  The petitioner has been dismissed from service in the department of sanitation of the city of New York, where he was employed as a licensed fireman.  It is asserted that the

dismissal was proper by virtue of the provisions of section 537 of the Greater New York Charter, which provides as follows:

" § 537.   *   *   *   The commissioner of street cleaning shall have power, in his discretion, on evidence satisfactory to him that a member of the uniformed force has been guilty of any legal or criminal offense or neglect of duty, violation of rules, or neglect or disobedience of orders, or incapacity, or absence without leave, or conduct injurious to the public peace or welfare, or immoral conduct, or any breach of discipline, to punish the offending party by forfeiting or withholding pay for a specified time, suspension without pay during such suspension for a period not exceeding thirty days, or by dismissal from the force, but no more than thirty days' pay or salary shall be forfeited or deducted for any offense."

Charges, accusing the petitioner of certain alleged violations of the above section, were served upon him, in substance as follows:

" Rule 131 — Physically unable to perform the duties of your position."

In that: " You are suffering from osteoarthritis of spine, general atherosclerosis, hypertension, senility and defective vision."

The commissioner gave the petitioner a hearing on the " charges." The chief medical examiner of the department testified that he had examined the petitioner and " the examination indicated the presence of osteoarthritis of spine, general atherosclerosis, hypertension, senility and defective vision.   As a result of these conditions, the Board came to the unanimous conclusion that Mr. Cosgrove could really not do the work of a licensed fireman.   His disabilities were considered permanent."

The petitioner was found " guilty " and the " penalty " imposed was dismissal.   Stripped of medical terms, the petitioner's physical condition is the result of the usual degenerative changes of old age. The incapacity of old age is not an " offense " to be " punished " by dismissal from the service or the imposition of a " penalty," and we cannot believe that the framers of the charter intended such a result.   The language of section 537 of the charter, above quoted, leaves no doubt that the incapacity there contemplated was censurable incapacity.

The charges were served on the petitioner on March 14, 1936. The hearing was held on March 16, 1936.   On April 16, 1936, the petitioner was dismissed as of March 26, 1936, *without pension.* This proceeding was instituted on October 11, 1937.   Under the provisions of the Civil Practice Act, section 1286, a proceeding to review a dismissal must be instituted within four months after the final determination.   The petitioner, however, does not seek to

review the dismissal. He asks for relief under section 552 of the charter. That section authorizes the chairman of the sanitation commission, in his discretion, to retire or dismiss members of the relief and pension fund of the department of street cleaning, and, in certain instances, to grant relief or a pension. As we read the section, the discretionary power of the chairman is limited to a decision to retire or dismiss. The chairman has exercised his discretion and has dismissed the petitioner. The latter is, therefore, entitled to a pension or relief if he comes within the following provision of section 552 of the charter:

"*First.* To any such member who, at any time, after the passage of this act, while in the actual performance of duty, and without fault or misconduct on the part of such member, shall have become permanently disabled, physically or mentally, so as to be unfit to perform the duties required of such member, provided that such unfitness for duty has been certified to by a majority of the medical examiners of said department, the sum of fifty dollars per month."

A majority of the medical examiners have found the petitioner unfit for duty. It is urged, however, that petitioner's disability was not sustained in the line of duty and is not in any way connected with service in the department. The pertinent language of the section is: "To any such member who  *  *  *  while in the actual performance of duty  *  *  *  shall have become permanently disabled."

It may have been intended to limit the benefit to service-incurred disability, but that intention is not clearly expressed. The language employed is at least ambiguous. Taken literally, the disability would have to be realistically suffered by an employee while in the actual performance of duty. It could not be attributed to service injury. An examination of the charter provision with reference to disability benefits for members of some of the other departments of the city service discloses that language has been employed to carefully distinguish between service-incurred disability and disability suffered other than in the line of duty. It is urged that, with respect to the department of sanitation, the distinction is made in section 553 of the charter. That section discloses that the primary difference between it and section 552 is as to the amount to be paid the retired employee. Under section 552 he receives fifty dollars a month, whereas, under section 553, if he has been in the service for ten years and is retired for disability, he receives not less than one-half of his annual salary.

The petitioner has faithfully served the city and has been prevented from continuing such service only because of his old age. Even in these days of so-called modernistic thought — with people

of mature years and experience being replaced by younger men — we should not overlook the fact that the petitioner has grown old in the service of the city. On the hearing of the charges against petitioner, the deputy commissioner announced that petitioner would be retired under medical disability. Under all the circumstances, we think he is entitled to the relief asked for.

The order should be reversed, with twenty dollars costs and disbursements, and the motion granted.

TOWNLEY and CALLAHAN, JJ., concur; DORE and COHN, JJ., dissent.

Order reversed, with twenty dollars costs and disbursements, and the motion granted. Settle order on notice.